UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLAN M. LEAVITT, Individually and as Class Representative, and J. Doe, 1-100, Individually and as Class Representatives,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, GEICO INDEMNITY COMPANY, and THE COMMERCE INSURANCE COMPANY, INC.,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*    Civil Action No. 4:23-cv-11341-IT<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

December 6, 2023

TALWANI, D.J.

Pending before the court in this putative class action are various motions, including Plaintiff Allan Leavitt's Motion for Recusal [Doc. No. 108], Motion for Judge Talwan[i] to Address the Conflict of Interest Between Indira Talwani and [A] the Plaintiffs, [B] the Class Members and [C] the Counts that Have Been Plead [in] the Class Action Complaint ("Motion to Address Conflict") [Doc. No. 104]; Motion that Judge Talwani Reveal any Ex Parte Communications ("First Motion Alleging Communications") [Doc. No. 106]; and Motion for Judge Guzman to Reveal any Ex Parte Communications ("Second Motion Alleging Communications") [Doc. No. 110].[1]

---

[1] The court will address Defendants' Motions to Dismiss [Doc. Nos. 31, 53, 56], Defendants' Motions for Sanctions [Doc. Nos. 58, 89], and Plaintiff's Motions for Sanctions [Doc. Nos. 72, 87, 118, 123] separately.

As a threshold matter, Plaintiff's counsel asserts that these motions are filed on behalf of not only Leavitt individually, but also Leavitt "as Representative for the Class Members" and "J. Doe, 1-100, Individually and as Representative for the Class Members." Pl.'s Mot. to Address Conflict 2 [Doc. No. 104]; Pl.'s First Mot. Alleging Communications 2 [Doc. No. 106]; Pl.'s Mot. for Recusal 2 [Doc. No. 108]; Pl.'s Second Mot. Alleging Communications 2 [Doc. No. 110]. As this court has previously ordered, filings on behalf of "Class Members" or "J. Doe, 1-100" are improper where no class has yet been certified, counsel has not been appointed class counsel or designated as interim class counsel, and counsel may not represent individuals unknown to him absent class certification. See Elec. Orders [Doc. Nos. 98, 99, 100, 101, 102]. Counsel has disregarded these orders in the pending procedural motions, asserting that the action must proceed from its "inception" as a class action, and that "[p]erhaps from the outset of the litigation . . . 'the district judge must protect the class's interest by acting as a *fiduciary* for the class.'" Pl.'s Mot. to Address Conflict 2 [Doc. No. 104] (internal citations omitted); Pl.'s First Mot. Alleging Communications 2 [Doc. No. 106] (same); Pl.'s Mot. for Recusal 2 [Doc. No. 108] (same); Pl.'s Second Mot. Alleging Communications 2 [Doc. No. 110] (same). An action may not proceed as a class action, however, until it is certified as such, see Fed. R. Civ. P. 23 (c), and the court protects the putative class members' interest by ensuring that an attorney may not represent them until the court has determined that the attorney is able "to fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g).

Leavitt demands that "Judge Indira Talwani recuse from hearing any motions in this Class Action case." Pl.'s Mot. for Recusal 1 [Doc. No. 108]. In support, Leavitt claims that "there is a clear conflict of interest between [the] Court, Defendants, and Class Members" because this court has previously "presided over the adjudication of causes of action in which the

Plaintiffs and Class Members[] claim their rights were violated and defrauded" and "refused to apply any law or authority relied upon in denying every motion filed in" the earlier lawsuit in 2020. Pl.'s Mem. ISO Mot. for Recusal 3–4 [Doc. No. 109]. Leavitt repeats the conflict argument in his Motion to Address Conflict [Doc. No. 104]. See also Pl.'s Mem. ISO Mot. to Address Conflict [Doc. No. 105].

Additionally, Leavitt claims that "this judge has refused to disclose ex parte communications not permitted by the Code of Conduct for United States Judges in the past," that "a prior litigant" concluded such prohibited communications "did, in fact, occur," and that "[i]t appears" that impermissible ex parte communications "continue to occur in this action," because "it would be an inhuman feat to have read hundreds of pages filed in this Class Action" and issue the orders issued on Leavitt's other procedural motions "within less than a 24 hour period." Pl.'s Mem. ISO Mot. for Recusal 3–4 [Doc. No. 109].

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This requirement ensures that the "courts must not only be, but seem to be, free of bias or prejudice." In re United States, 158 F.3d 26, 30 (1st Cir. 1998). However, courts must not grant recusal simply to avoid any allegation of prejudice, since doing so "would provide litigants with a veto against unwanted judges." In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001). Instead, courts must weigh the objective facts asserted, "not rumors, innuendos, and erroneous information," and consider whether the actual facts "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." In re United States, 666 F.2d 690, 695 (1st Cir. 1981). A judge "has a duty not to recuse himself or herself if there is no objective basis for recusal." In re United States, 441 F.3d 44, 67 (1st Cir. 2006).

Leavitt has asserted no facts that would support recusal. His claims that it "appears" that ex parte communications "continue to occur in this action" or that a prior litigant—whom Leavitt does not identify—has concluded that this court did engage in ex parte communications are precisely the kind of "rumors, innuendoes, and erroneous information" that courts should not weigh in such an inquiry. In re United States, 666 F.2d at 695. Leavitt's other allegations suffer from similar infirmities. He does not identify what conflict of interest exists between this court, putative class members, and Defendants because of this court previously adjudicating a related action. To the extent this argument rests on my having issued prior rulings adverse to Leavitt, any conflict is between Leavitt and putative class members, not the court.

Leavitt does not explain what law or authority the court refused to apply in denying Leavitt's motions in the earlier lawsuit in 2020. Regardless, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "Under [28 U.S.C.] § 455(a) a judge has a duty to recuse himself if his impartiality can reasonably be questioned; but otherwise, *he has a duty to sit*." United States v. Snyder, 235 F.3d 42, 46 (1st Cir. 2000) (emphasis added). Here Leavitt has provided *no* support for the allegation that this court's impartiality can be reasonably questioned.

Leavitt demands in his Second Motion Alleging Communications [Doc. No. 110] that "Judge Guzman reveal any ex parte communications not permitted by the Code of Conduct for United States Judges," Mem. ISO Second Mot. Alleging Comm's 2 [Doc. No. 111], and similarly demands in his First Motion Alleging Communications [Doc. No. 106] that I answer Leavitt's inquiries. A litigant, however, is not entitled to an inquisition of the court and it is not the court's job to correct Leavitt's unfounded "rumors, innuendoes, and erroneous information." In re United States, 666 F.2d at 695.

Leavitt claims, finally, that that he is "entitled to a ruling from [Judge Guzman] and not another judge." Mem. ISO Second Mot. Alleging Comm's 2 [Doc. No. 111]. However, parties are not entitled to rulings from a particular member of the court and this case is no longer assigned to Judge Guzman. See Elec. Notice of Reassignment [Doc. No. 97].

Accordingly, Leavitt's Motion for Judge Talwan[i] to Address the Conflict of Interest Between Indira Talwani and [A] the Plaintiffs, [B] the Class Members and [C] the Counts that Have Been Plead [in] the Class Action Complaint [Doc. No. 104]; Motion that Judge Talwani Reveal any Ex Parte Communications [Doc. No. 106]; Motion for Recusal [Doc. No. 108], and Motion for Judge Guzman to Reveal any Ex Parte Communications [Doc. No. 110] are DENIED. Any further filings, other than a Notice of Appeal of this Memorandum and Order, submitted on behalf of class members or unidentified Doe Plaintiffs before a class is certified or counsel has been appointed class counsel or interim class counsel will be stricken from the docket.

IT IS SO ORDERED.

December 6, 2023                                              /s/ Indira Talwani
                                                              United States District Judge