UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALLAN M. LEAVITT,[1] | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 4:23-cv-11341-IT |
| | * | |
| UNITED SERVICES AUTOMOBILE | * | |
| ASSOCIATION, GEICO INDEMNITY | * | |
| COMPANY, and THE COMMERCE | * | |
| INSURANCE COMPANY, INC., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

January 19, 2024

TALWANI, D.J.

Pending before the court in this putative class action are Motions to Dismiss [Doc. Nos. 31, 53, 56] Plaintiff Allan Leavitt's Complaint [Doc. No. 1] brought by the United Services Automobile Association ("USAA"), GEICO Indemnity Company ("GEICO"), and The Commerce Insurance Company ("Commerce," and collectively, "Defendants"). Also pending are GEICO's and USAA's Motions for Sanctions [Doc. Nos. 58, 89] and Plaintiff's Motions for Sanctions [Doc. Nos. 72, 87, 118, 123]. For the following reasons, Defendants' Motions to

---

[1] Plaintiff Allan Leavitt's counsel purports to represent Leavitt individually and as a class representative, and unnamed J. Does 1-100, and styles the case caption and signature line of his pleadings accordingly. See, e.g., Compl. 1 [Doc. No. 1]; Third Motion for Sanctions 1–2 [Doc. No. 123]. As this court has stated previously, see Elec. Orders [Doc. Nos. 98, 99, 100, 101, 102], filings on behalf of "Class Members" or "J. Doe, 1- 100," are improper where no class has yet been certified, counsel has not been appointed class counsel or designated as interim class counsel, and counsel may not represent individuals unknown to him absent class certification. See also Mem. & Order 2 [Doc. No. 126] (citing Fed. R. Civ. P. 23(c), (g)). The case caption is corrected in this order to reflect the sole Plaintiff before the court in this action.

Dismiss are GRANTED for lack of subject matter jurisdiction and for failure to state a claim,

GEICO's and USAA's Motions for Sanctions are GRANTED, and Plaintiff's Motions for

Sanctions are DENIED.

## I.      BACKGROUND

This action follows litigation commenced in 2013 in state court and in 2020 in this court.[2]

### A.      The 2013 State Court Action

This court has previously set forth the factual background and the procedural history of

the state court proceedings (the "2013 State Court Action") and incorporates that discussion by

reference here. See Leavitt v. United Servs. Auto. Ass'n, No. 1:20-cv-12130-IT, 2021 WL

3025863, at *1–5 (D. Mass. July 16, 2021), aff'd, No. 21-1561, 2022 WL 2355473 (1st Cir. Apr.

7, 2022), cert. denied, 143 S. Ct. 201, 214 L. Ed. 2d 76 (2022). The state court action concluded

with the United States Supreme Court denying Leavitt's petition for writ of certiorari. Leavitt v.

Phillips, et al., 140 S. Ct. 1216 (2020).

### B.      The 2020 Federal Court Action

On November 30, 2020, Leavitt filed a federal action ("2020 Federal Court Action") in

the District of Massachusetts. On February 11, 2021, Leavitt filed an Amended Complaint

against the same Defendants named here (USAA, GEICO, and Commerce) and others. Am.

Compl. ("2021 Complaint"), No. 20-cv-12130, Doc. No. 17.

---

[2] Leavitt requests judicial notice of the documents filed in and associated with his 2013 state court litigation in Massachusetts and in his 2020 litigation before this court. Compl. ¶ 16 ("The Plaintiffs and Class Members rely on judicial notice of all prior proceedings involving prior law suits seeking declaration herein from September 16, 2013 up until October, 2022. Those law suits were filed September 16, 2013 in state court and November 30, 2020 in federal court.").

Leavitt's 2021 Complaint demanded in Count I that the court issue a declaratory judgment that: (i) Mass. Gen. Laws ch. 90, §§ 3 and 34A "require[] non-resident motor vehicle owners to 'maintain' Massachusetts PIP 'provisions' as part of their 'policy of liability insurance,'" and that (ii) "policies of liability insurance issued by 'GEICO' and USAA provide Massachusetts PIP 'protection.'" Id. ¶ 32 (emphasis in original). The 2021 Complaint also asserted claims for breach of contract against GEICO and USAA (counts II–III); fraud, conspiracy, and misrepresentation against GEICO, USAA, Commerce, and others (Count VIII); negligent, willful, wanton, and intentional interference with contractual relations against GEICO, USAA, Commerce, and others (Count IX); aiding and abetting suppression of his rights against GEICO, USAA, Commerce, and others (Count X); breach of fiduciary duty against GEICO and USAA (Count XI); breach of fiduciary duty and aiding and abetting against unnamed J. Does, GEICO, and USAA (Count XIII); and RICO violations against all defendants (Count XIV). Id. ¶¶ 38–102. The 2021 Complaint also sought specific performance against GEICO and USAA (Count XV). Id. ¶¶ 103–11.

GEICO, USAA, Commerce, and the other defendants filed motions to dismiss the 2021 Complaint. This court granted the motions, finding that the 2021 Complaint was based upon the same underlying events at issue in the 2013 State Court Action, Leavitt, 2021 WL 3025863, at *5, and that "[u]nder the Rooker-Feldman doctrine, this court does not have jurisdiction to revisit substantially the same issues already decided by the Superior Court and the Appeals Court," id. at *8. This court reasoned that it made no difference that Plaintiff added claims about "a vast conspiracy with the state courts to deny him access to justice" because the Rooker-Feldman doctrine was "not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit." Id. Instead, "the

critical datum is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment." Id. (quoting Klimowicz v. Deutsche Bank, 907 F.3d 61, 66–67 (1st Cir. 2018)). This court further noted that "Leavitt has had his day in court and has exhausted all the review to which he is entitled." Id.

Leavitt appealed and, after a "careful review of the record," the First Circuit affirmed "for substantially the reasons set forth in the district court's July 16, 2021 decision." Leavitt v. United Servs. Auto. Ass'n, No. 21-1561, 2022 WL 2355473, at *1 (1st Cir. Apr. 7, 2022). The First Circuit concluded that Plaintiff's "contentions on appeal, including his contention that the Rooker-Feldman doctrine does not bar his federal court suit due to the inclusion of non-identical claims and/or additional parties, are unconvincing." Id. The Supreme Court denied certiorari. Leavitt v. United Servs. Auto. Ass'n, 143 S. Ct. 201 (2022).

### C.    The Present Action

On June 15, 2023, Leavitt initiated the action now before the court. See generally Compl. ("2023 Complaint") [Doc. No. 1]. The 2023 Complaint is fashioned as a class action with one putative class representative, Leavitt. It asserts the following claims: Declaratory Judgment (Count I), id. ¶¶ 19–25; Breach of Contract (Count II), id. ¶¶ 27–28; Fraud and Civil Conspiracy (Count III), id. ¶¶ 32–33; Interference with Contractual Relations (Count IV), id. ¶¶ 36–40; Aiding and Abetting (Count V), id. ¶¶ 41–45; Breach of Fiduciary Duty (Count VI), id. ¶ 48; RICO violations (Count VII), id. ¶¶ 50–58; and Specific Performance (Count VIII), id. ¶ 60.

All Defendants moved to dismiss the complaint. USAA moved to dismiss the complaint for lack of subject matter jurisdiction due to res judicata, the Rooker-Feldman doctrine, and lack of Article III standing, and for failure to state a claim. Mot. to Dismiss [Doc. No. 31], Mem. in Support [Doc. No. 32]; see also Fed. R. Civ. P. 12(b)(1), (6). Commerce moved to dismiss for similar reasons and the additional reason that Leavitt's Complaint did not contain a short and

plain statement of the claim, warranting dismissal under Rule 8(a)(2) of the Federal Rules of Civil Procedure. Am. Mot. To Dismiss [Doc. No. 53], Mem. in Support [Doc. No. 52]; see also Fed. R. Civ. P. 8(a)(2). GEICO also moved to dismiss for similar reasons. Mot. to Dismiss [Doc. No. 56], Mem. in Support [Doc. No. 57]. Leavitt has opposed all three motions. Opps. [Doc. Nos. 40, 68, 70].

Parties on both sides have filed motions for sanctions. GEICO moved for sanctions based on Leavitt's filing of the complaint. Mot. for Sanctions [Doc. No. 58]; Mem. in Support [Doc. No. 59]. Leavitt has opposed this motion, Opp. [Doc. No. 71], and has filed three motions for sanctions against GEICO: [First] Motion for Sanctions against GEICO ("Leavitt's First Sanctions Motion against GEICO") [Doc. No. 72]; Second Motion for Sanctions against GEICO ("Leavitt's Second Sanctions Motion against GEICO") [Doc. No. 87]; Third Motion for Sanctions against GEICO ("Leavitt's Third Sanctions Motion against GEICO") [Doc. No. 123]. In support of these motions, Leavitt argues that GEICO's Motion to Dismiss and Motion for Sanctions are "clearly frivolous" and were filed "with no good-faith basis." See generally Memo. ISO Mot. for Sanctions Against GEICO 14–15 [Doc. No. 73]; Memo. ISO Mot. for Sanctions Against GEICO 14–15 [Doc. No. 88]; Memo. ISO Mot. for Sanctions Against GEICO 14–15 [Doc. No. 124]. GEICO has opposed each motion. Opps. [Doc. Nos. 79, 94, 131].

Meanwhile, USAA also moved for sanctions based on Leavitt's complaint. Mot. for Sanctions [Doc. No. 89]; Mem. in Support [Doc. No. 90]. Leavitt has opposed this motion, Opp. [Doc. No. 91], and has filed a Motion for Sanctions against Defendant USAA ("Leavitt's Sanctions Motion against USAA") [Doc. No. 118]. Leavitt's motion does not seem to be targeted at a particular pleading, although Leavitt argues that USAA's Motion for Sanctions should be

denied. Memo. ISO Motion for Sanctions Against USAA 1, 20 [Doc. No. 119]. USAA has

opposed this motion. Response [Doc. No. 125].

## II.      STANDARD OF REVIEW

### A.  Lack of Subject Matter Jurisdiction

"Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction."

Valentin v. Hospital Bella Vista, 254 F.3d 358, 362–63 (1st Cir. 2001). A motion to dismiss for

lack of constitutional standing is properly brought as a challenge to the court's subject matter

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). See Katz v. Pershing, LLC,

672 F.3d 64, 70 (1st Cir. 2012). Federal courts are courts of limited jurisdiction, so federal

jurisdiction is never presumed. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). The party

asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. Id. On

a motion to dismiss, the court should treat all well-pleaded facts as true and provide the plaintiff

the benefit of all reasonable inferences. Fothergill v. United States, 566 F.3d 248, 251 (1st Cir.

2009). Dismissal is appropriate only when the facts alleged in the complaint, taken as true, do

not support a finding of federal subject matter jurisdiction. Id. A challenge to the court's subject

matter jurisdiction must be addressed before addressing the merits of a case. See Acosta-Ramirez

v. Banco Popular de Puerto Rico, 712 F.3d 14, 18 (1st Cir. 2013).

### B.      Failure to State a Claim

In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth

of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson

v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain

sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion

to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to

raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, "a judge can mull over 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'" Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014) (quoting Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008)) (alteration in original).

### III.   DISCUSSION

#### A. Motions to Dismiss

> *1. Res judicata and the* Rooker-Feldman *doctrine bar the claims Plaintiff brought, or could have brought, in the 2013 State Court Action and 2020 Federal Court Action.*

The doctrine of res judicata or claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc., 140 S. Ct. 1589, 1594 (2020). Under Massachusetts law, a party is prohibited from re-litigating an issue when "(1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication." Kobrin v. Bd. of Registration in Medicine, 444 Mass. 837, 843 (2005) (quoting Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132, 134 (1998)). Under 28 U.S.C. § 1738, "a judgment rendered in a state court is entitled to the same preclusive effect in federal court as it would be given within the state in which it was rendered." In re Sonus Networks, 499 F.3d 47, 56 (1st Cir. 2007).

This doctrine bars Leavitt's claims in the 2023 Complaint for declaratory judgment (Count I), breach of contract (Count II), interference with contractual relations (count IV), breach of fiduciary duty (Count VI), and specific performance (Count VIII)—except to the extent that these claims are based on allegations of ongoing fraud or other conduct continuing to the present day. First, the Suffolk Superior Court issued a final judgment on the merits in the 2013 State Court Action and that judgment was affirmed on appeal by the Massachusetts Appeals Court. Second, the preclusion is asserted against Leavitt, who was a party to the prior adjudication. Third, these claims are "sufficiently identical," Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.), 324 F.3d 12, 16 (1st Cir. 2003), to the issue spurring the causes of action in the 2013 State Court Action: the denial of Leavitt's request for personal injury protection ("PIP") coverage as a passenger in an out-of-state motor vehicle following a motor vehicle accident in the Commonwealth of Massachusetts in 2010. They either were or could have been brought in the 2013 State Court Action. See 2021 Federal Compl., No. 20-cv-12130, Doc. No. 17, ¶¶ 31–111 [breach of contract (counts II–III); fraud, conspiracy, and misrepresentation (Count VIII); negligent, willful, wanton, and intentional interference with contractual relations (Count IX); aiding and abetting suppression of his rights (Count X); breach of fiduciary duty (Count XI); breach of fiduciary duty and aiding and abetting (Count XIII); RICO violations (Count XIV); specific performance (Count XV)].

In the alternative, the court holds that those claims, as well as Plaintiff's non-fraud claims that span the period from the 2020 Federal Court Action to the present day, are barred under the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, lower federal courts are barred from hearing de facto appeals from state-court judgments. See generally Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Wilson v. Shumway,

264 F.3d 120 (1st Cir. 2001). The doctrine bars Plaintiff from coming to federal court

"complaining of an injury caused by the state-court judgment," or seeking relief "predicated

upon a conviction that the state court was wrong." <u>Tyler v. Supreme Judicial Court of</u>

<u>Massachusetts</u>, 914 F.3d 47, 50 (1st Cir. 2019). This is because only the United States Supreme

Court has jurisdiction over appeals of final state court judgments. <u>Rooker</u>, 263 U.S. at 420;

<u>Feldman</u>, 460 U.S. at 469. The <u>Rooker</u>-<u>Feldman</u> bar applies not just to claims explicitly raised in

a prior state court action, but also to any claims that are "'inextricably intertwined' with

questions previously adjudicated by a state court, such that the federal district court would be in

the unseemly position of reviewing a state court decision for error." <u>Mills v. Harmon L. Offs.,</u>

<u>P.C.</u>, 344 F.3d 42, 44 (1st Cir. 2003) (citing <u>Hill v. Town of Conway</u>, 193 F. 3d 33, 39 (1st Cir.

1999)).

  Leavitt seeks to have this court adjudicate questions previously presented to the

Massachusetts Court of Appeals. 2023 Compl. ¶ 2 [Doc. No. 1]. He alleges:

> The entirety of this Class Action hinges and rests on the following proposition
> and plea for declaration by the Class Members which is, and has been, denied by
> these Defendants:
>
> > **Proposition and Plea for Declaration:** Massachusetts statute requires
> > <u>non-Massachusetts</u> resident motor vehicle owners to maintain
> > Massachusetts PIP provisions as part of their policy of liability insurance
> > when their vehicles are operated in the Commonwealth of Massachusetts.
>
> > . . .The demand that this law be declared is a threshold question to the
> > entirety of the counts in this Complaint.
>
> > If this plea is not the law, it must be declared so and the case dismissed.

<u>Id.</u> He concedes that he has previously presented this issue to the court and complains about a

"conspiracy" that purportedly prevented a resolution of this issue. 2023 Compl. ¶ 18 (Plaintiff

"had a right to a declaration of law and rights of due process and equal protection and there is *no*

*declaration of law* despite pleas for one") (emphasis in original); <u>id.</u> ¶ 18M ("There is only one

way there was no declaration of law in prior litigation and that is by way of a *conspiracy* between Defendants to *suppress* and *actual suppression* of a declaration of law . . .") (emphasis in original); id. ¶ 18.W (alleging that the conspiracy is shown by the fact that "GEICO and USAA were released from the 2013 breach of contract case").

But Plaintiff's report that there was no resolution or that the Massachusetts Court of Appeals failed to "declare the law" is incorrect. The Court first explained that the Statute at issue "require[s] nonresidents to purchase the requisite motor vehicle insurance **only** during the year in which they have driven a motor vehicle in the Commonwealth for more than thirty days in the aggregate." Leavitt, 2019 WL 4019952, at *2 (emphasis added). The Court then noted that Plaintiff sought a declaratory judgment, and the Court therefore "declares the rights of the parties, instead of dismissing the claim," concluding that "[t]he Court **DECLARES** that USAA has no obligation to provide PIP coverage for the November 24, 2010 accident at issue in this case." Id. at *3 (emphasis in original). What Plaintiff is seeking is not an answer to an unresolved issue, but a different answer than the one that he received. The present action—predicated on the notion that Massachusetts law requires out-of-state motorists to obtain PIP coverage if their vehicles have *ever* been operated in Massachusetts for more than thirty days in *any* year—is thus "inextricably intertwined" with the 2013 State Court Action.

Leavitt argues that the 2023 Complaint contains new legal theories that he did not present in the 2013 State Court Action and that the Rooker-Feldman doctrine therefore does not apply. Leavitt's Opp. to USAA's Mot. to Dismiss 4, 7, 9–13 [Doc. No. 40]. However, "a plaintiff cannot escape the Rooker-Feldman bar through the simple expedient of introducing a new legal theory in the federal forum that was not broached in the state courts." Klimowicz v. Deutsche Bank National Trust Company, 907 F.3d 61, 66 (1st Cir. 2018). Leavitt has essentially filed "a

federal suit seeking an opposite result" from that reached in the 2013 State Court Action, which

makes the present action "an impermissible attempt to appeal the state judgment to the lower

federal courts." Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de

Puerto Rico, 410 F.3d 17, 24 (1st Cir. 2005).

This court said in its order granting the Defendants' motion to dismiss the 2020 Federal

Court Action that "[t]his case was fully litigated in the Massachusetts courts," and Leavitt "has

had his day in court and has exhausted all the review to which he is entitled." Leavitt, 2021 WL

3025863, at *8. What was true about Leavitt's second bite at the apple in 2021 is no less true as

to this *third* bite at the apple in 2023.

> ### 2.  *Plaintiff does not have standing as to claims stemming from an insurance policy contract in 2023 because he has alleged no concrete harm.*

In seeking to distinguish the present action from the 2013 State Court Action, Leavitt

states that the 2013 State Court Action was based upon bodily injuries incurred in a 2010 car

accident, see Pl.'s Resp. to GEICO's Obj. to Lack of Relatedness Designation 5–6 [Doc. No. 20],

while the present action is based upon "a contract and Membership in 2023," id. at 6. But this

attempt to assert a claim that is not barred by the prior actions undermines any standing Leavitt

has to bring an action.

Article III of the Constitution imposes a "threshold requirement" of standing upon "those

who seek to invoke the power of the federal courts," namely that they "must allege an actual case

or controversy." O'Shea v. Littleton, 414 U.S. 488, 493 (1974) (citing U.S. Const. Art. III, § 2,

cl. 1); see also Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992). Standing consists of

three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable

to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable

judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016), as revised (May 24, 2016)

(quoting <u>Defs. of Wildlife</u>, 504 U.S. at 560–61). "The standing inquiry is claim-specific: a plaintiff must have standing to bring each and every claim that she asserts." <u>Katz v. Pershing, LLC</u>, 672 F.3d 64, 71 (1st Cir. 2012) (citing <u>Pagán v. Calderón</u>, 448 F.3d 16, 26 (1st Cir. 2006)).

To establish the first element of standing, an injury-in-fact, a plaintiff must demonstrate "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." <u>Defs. of Wildlife</u>, 504 U.S. at 560. To the extent that Plaintiff seeks to litigate this action based on insurance contracts unrelated to the 2010 car accident, he lacks standing to do so because he has presented no concrete harm and, consequently, no injury-in-fact. "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." <u>TransUnion LLC v. Ramirez</u>, 594 U.S. 413, 427 (2021).

In Count I (Declaratory Judgment), Leavitt asks the court to "declare that Massachusetts statute (M.G.L. ch. 90, § 3 and M.G.L. ch. 90, § 34A) requires non-resident motor vehicle owners to 'maintain' Massachusetts PIP 'provisions' as part of their 'policy of liability insurance;'" and "declare that policies of liability insurance issued by GEICO, USAA, and [Commerce] provide Massachusetts PIP 'protection'[.]" <u>See</u> 2023 Compl. ¶¶ 19–25. In Count 2 (Breach of Contract), Leavitt alleges that from September 16, 2003, and "continuing," <u>id.</u> ¶ 27, the "defendants breached their obligations under their contracts in that they <u>conspired to suppress</u> and actually <u>suppressed</u> the Plaintiffs' and Class Members' rights to a declaration of law and resolution of their dispute concerning the law pertaining to Massachusetts statute and their insurance contracts . . . ." <u>See</u> <u>id.</u> ¶ 28 (emphasis in original).

But even if Plaintiff were correct that Defendants are violating the Massachusetts statutes, he is not "concretely harmed" by such conduct. Leavitt has not alleged that he has filed

any claim with an insurance company defendant—let alone that such a claim was denied. If an uninjured plaintiff who "has not suffered any physical, monetary, or cognizable intangible harm" initiates a lawsuit, that plaintiff is "not seeking to remedy any harm to herself but instead is merely seeking to ensure a defendant's 'compliance with regulatory law.'" TransUnion LLC, 594 U.S. at 427–28 (quoting Spokeo, Inc. v. Robins, 578 U. S. 330, 365 (2016) (Thomas, J., concurring)).

In summary, Plaintiff does not have Article III standing to bring claims that are predicated merely upon being a party to a 2023 insurance contract. Therefore, to the extent that Plaintiff's counts of Declaratory Judgment (Count I) and Breach of Contract (Count 2) are not based on the 2010 car accident, they are dismissed because Leavitt has presented no injury-in-fact as to himself.

### 3. *Plaintiff fails to state a claim for fraud, civil conspiracy, or RICO violations.*

The 2023 Complaint alleges that the Defendants "were reckless in not knowing, or took steps to ensure they would not know . . . of suppression of the Plaintiffs' and Class Members rights with intent to defraud . . . in [the State Action and First Federal Action]." See 2023 Compl. ¶ 32 (emphasis in original). In addition, he alleges that the Defendants "failed to prevent the conspiracy to suppress, actual suppression [sic] of the Plaintiffs' and Class Members right to a declaration . . . in the 2013 law suit [sic]." See id. (emphasis in original). The 2023 Complaint also alleges that Defendants "intentionally misrepresented materials facts" in the [State Action] by asserting "that a Summ. Judg. was sufficient to address the breach of contract claims" and "in the 2020 (refusal to respond to request for assurances) contract of insurance with GEICO in that they made promises of insurance coverage which the facts reflect they had no intention to keep . . . ." See id. ¶ 33. The 2023 Complaint alleges that the Defendants' actions "continue to this date." Id. ¶ 34.

When a plaintiff brings claims sounding in fraud, there is an exception to Rule 12(b)(6)'s general plausibility pleading standard. See N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 15 (1st Cir. 2009) (holding that the particularity requirement applies not only to actual fraud claims but also to "associated claims where the core allegations effectively charge fraud"). Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, a party must state "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The circumstances to be stated with particularity under Rule 9(b) generally consist of the who, what, where, and when of the allegedly misleading representation." Lee v. Conagra Brands, Inc., 958 F.3d 70, 74 (1st Cir. 2020) (quoting Kaufman v. CVS Caremark Corp., 836 F.3d 88, 91 (1st Cir. 2016)). The purpose of this requirement is to "give notice to defendants of the plaintiffs' claim, to protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage 'strike suits,' and to prevent the filing of suits that simply hope to uncover relevant information during discovery." Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996).

Under Massachusetts law, to plead a fraud cause of action, a plaintiff must allege that: "(1) defendant made a false representation with knowledge of its falsity for the purpose of inducing plaintiffs to act thereon; (2) [] plaintiffs relied upon the representation as true and acted upon it to their detriment; and (3) [] plaintiffs' reliance was reasonable under the circumstances." Famm Steel, Inc. v. Sovereign Bank, 571 F.3d 93, 105–06 (1st Cir. 2009) (citing Rodi v. S. New Eng. Sch. of Law, 532 F.3d 11, 15 (1st Cir. 2008)).

First, Leavitt fails to specifically allege any false representation at all. Leavitt points to no policy provision or representation indicating that any Defendant promised coverage that they later denied. In fact, the 2023 Complaint fails to identify even one purported misrepresentation by time, place, or content. See generally 2023 Compl. Second, the Complaint fails to allege that

14

Leavitt or anyone else actually *relied* upon a purported misrepresentation by a Defendant. Third, even if Leavitt had made such a showing, he would need to additionally allege that such reliance was reasonable—given Massachusetts law "require[s] nonresidents to purchase the requisite motor vehicle insurance [with PIP coverage] ***only*** during the year in which they have driven a motor vehicle in the Commonwealth for more than thirty days in the aggregate." Leavitt, 2019 WL 4019952, at *2.

To the extent that Plaintiff bases his claims of fraud upon the Defendants "not knowing, or [taking] steps to ensure they would not know . . . of suppression of the Plaintiffs' and Class Members rights," 2023 Compl. ¶ 32, the allegations do not meet the scienter requirement for a fraud claim. The First Circuit requires that beyond pleading "the false statements and by whom they were made," a plaintiff must also identify "the basis for inferring scienter." N. Am. Catholic Educ. Programming Found, 567 F.3d at 13. In practice, plaintiffs must put forth "specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading." Id. Plaintiff has not done so, and as stated above, Massachusetts law supports Defendants' provisions of policy coverage.

Plaintiff also fails to state a claim for civil conspiracy (Count III). Civil conspiracy under Massachusetts law requires "a common design or an agreement, although not necessarily express, between two or more persons to do a wrongful act and, second, proof of some tortious act in furtherance of the agreement." Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1565 (1st Cir. 1994). Because Leavitt fails to plausibly allege a claim for fraud, he has not alleged any wrongful or tortious act that would be a prerequisite to a claim for civil conspiracy. Moreover, the Complaint does not allege any "common design or agreement" amongst the defendants.

For similar reasons, the complaint fails to state a cause of action for RICO violations
(Count VII). Under 18 U.S.C. § 1962(c), to state a viable civil RICO claim, a plaintiff must
allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Lerner
v. Colman, 26 F.4th 71, 84 (1st Cir. 2022). A plaintiff must have been "injured in his business or
property by reason" of the alleged RICO violation. 18 U.S.C. § 1964(c).

The 2023 Complaint purports to allege two separate RICO schemes in one cause of
action. See 2023 Compl. ¶¶ 50–58. The first scheme "involves the Defendants' conduct in the
2013 and 2020 [lawsuits] pertaining to pursuit of a declaration of law which represented a
suppression of the Plaintiffs' and Class Members' rights as well as conspiracy to commit mail
and wire fraud." See id. ¶¶ 50–54 (emphasis in original). The second scheme "involves these
Defendant Insurers selling false promises to consumers that they will pay statutory 'protections'
in the form of PIP coverages without any intent to pay or even allow a policyholder un-corrupted
litigation in Courts of law." See id. The 2023 Complaint alleges that both RICO schemes
"involved every act of the Defendants in furtherance of a conspiracy to suppress the Plaintiffs'
and Class Members' rights from 2013 up until the present time." Id. ¶ 55.

First, Plaintiff was *not* "injured in his business or property by reason" of the alleged
RICO violation. 18 U.S.C. § 1964(c). As to the first RICO scheme, Plaintiff has failed to allege
with the requisite particularity which of his "rights" Defendants suppressed—particularly given
that the Massachusetts Court of Appeals did declare the law and did so in favor of Defendants—
or how they acted in furtherance of a conspiracy. As to the second RICO scheme, to the extent
Plaintiff is basing his claims on the insurance policies continuing to the present day, the sheer
existence of an insurance policy contract does not present a concrete harm for Article III
standing as described supra.

Second, Plaintiff has failed to plead a RICO "enterprise." An enterprise is statutorily defined as "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Plaintiff alleges that "GEICO, USAA, and [Commerce] are enterprises affecting interstate commerce within the meaning of 18 USC § 1962(c). 2023 Compl. ¶ 30. But an individual defendant cannot constitute the RICO "enterprise" because "the defendant and the enterprise must be distinct." Bessette v. Avco Fin. Servs., Inc., 230 F.3d 439, 448 (1st Cir. 2000). In fact, failure to "identify any enterprise, distinct from a named person defendant, is fatal under RICO." Doyle v. Hasbro, Inc., 103 F.3d 186, 191 (1st Cir. 1996).

Third, Plaintiff fails to plead a "pattern of racketeering activity." The "predicate conduct of mail and wire fraud under § 1962(c)" that Plaintiff alleges is "attempting to defraud the Plaintiffs and Class Members by filing Summary Judgment motions and other papers in the 2013 and 2020 law suits they knew would not address their rights in declaration of contract or statute which were in dispute." 2023 Compl. ¶ 55. But these acts are not cognizable acts of illegality— let alone fraudulent. See, e.g., D'Orange v. Feely, 877 F. Supp. 152, 156 (S.D.N.Y. 1995) (holding litigation documents "cannot be considered predicate acts because they constitute legitimate conduct of attorneys acting on behalf of a client in the course of pending litigation").

In summary, to the extent that the present action is meaningfully different from the 2013 State Court Action and the 2020 Federal Court Action because it contains counts sounding in fraud regarding conduct in and involving the previous actions, Plaintiff has failed to state a claim on any of those counts. Because Plaintiff has failed to state a claim involving any such tortious act, his aiding-and-abetting claim (Count V) necessarily fails. Therefore, all eight counts merit

dismissal as to the Plaintiff on the basis of res judicata, the <u>Rooker</u>-<u>Feldman</u> doctrine, the lack of an injury-in-fact, or failure to state a claim.

> 4.   *Plaintiff may not bring claims on behalf of others when he is unable to bring any claim on his own behalf.*

To the extent that Plaintiff is suing on behalf of purported class members who would not be barred by res judicata or the <u>Rooker</u>-<u>Feldman</u> doctrine, he may not do so absent an injury to himself. "The particularization element of the injury-in-fact inquiry reflects the commonsense notion that the party asserting standing must not only allege injurious conduct attributable to the defendant but also must allege that he, himself, is among the persons injured by that conduct." <u>Hochendoner v. Genzyme Corp.</u>, 823 F.3d 724, 731–32 (1st Cir. 2016).

"This is no less true with respect to class actions than with respect to other suits." <u>Lewis v. Casey</u>, 518 U.S. 343, 357 (1996). "[E]ven named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" <u>Simon v. Eastern Ky. Welfare Rights Organization</u>, 426 U.S. 26, 40 & n. 20 (1976) (quoting <u>Warth v. Seldin</u>, 422 U.S. 490, 502 (1975)).

To defeat the motion to dismiss and to be appointed class representative, Leavitt first needed to demonstrate that he has been injured and had standing to bring a claim in his own right. However, this court has concluded that Leavitt cannot bring any claim in his own right. Therefore, this court also cannot entertain Leavitt's action as a purported class representative.

***

The Defendants' <u>Motions to Dismiss</u> [Doc. Nos. 31, 53, 56] are GRANTED.

### B.    Motions for Sanctions

Rule 11 is designed to discourage the filing of frivolous and unsupported claims by "impos[ing] a duty on counsel to investigate their clients' claims before making any filings and to reassess them throughout the litigation." Kale v. Combined Ins. Co. of Am., 861 F.2d 746, 758 (1st Cir. 1988). Accordingly, Rule 11(b) requires that an attorney certify that "the factual contentions [in any pleading, written motion, or other paper] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Under the Rule, "[p]rior to signing a pleading, a litigant must fulfill the affirmative duty to conduct a reasonable inquiry into the facts and the law." Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992) (quotation and citations omitted).

A litigant may bring a motion for sanctions for violations of Rule 11(b) by another party or its attorney. Fed. R. Civ. P. 11(c). A sanctions motion "must describe the specific conduct that allegedly violates Rule 11(b)." Id. at 11(c)(1). Rule 11 sets forth a specific procedure for such motions. "Under Rule 11, a party's motion for sanctions 'must' be served on all parties as required by Rule 5." Triantos v. Guaetta & Benson, LLC, 52 F.4th 440, 447 (1st Cir. 2022); see Fed. R. Civ. P. 11(c)(2). The motion "must not be filed or be presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Id. The failure to serve a Rule 11 motion on all parties at least 21 days prior to filing "disqualif[ies] Rule 11 as a basis for sanctions." Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 244 (1st Cir. 2010).

Sanctions are warranted if a litigant continues "insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11 Advisory Committee's note. At the same time, "the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions."

Id. The decision to impose sanctions under Rule 11 is based upon "an objective standard of

reasonableness under the circumstances." Cruz v. Savage, 896 F.2d 626, 631 (1st Cir. 1990).

>    *1.     Leavitt's Motions for Sanctions.*

Leavitt has filed four Motions for Sanctions [Doc. Nos. 72, 87, 118, 123]. Leavitt's first

two Motions for Sanctions [Doc. Nos. 72, 87] are DENIED for failing to comply with Rule 11's

procedural requirements.[3] Leavitt's Third Sanctions Motion against GEICO [Doc. No. 123] and

Sanctions Motion against USAA [Doc. No. 118] are DENIED as without merit. In the Sanctions

Motion against USAA [Doc. No. 118], Plaintiff first asserts that sanctions should be imposed

because, according to Plaintiff, USAA committed "overt criminal acts" by arguing that the

interpretation of Massachusetts law was "previously adjudicated." Memo. ISO Mot. for

Sanctions against USAA 2 [Doc. No. 119]. He also argues that sanctions are appropriate because

"an inherent conflict of interest exists between [attorneys] representing USAA and the Members

---

[3] Leavitt failed to serve his First Sanctions Motion against GEICO [Doc. No. 72] prior to filing. Instead, Plaintiff's counsel simply emailed counsel for all parties indicating his intention to file a Motion for Sanctions against GEICO without attaching a copy of the motion or offering a basis for the motion. Aff. of William Ruotolo [Doc. No. 73-3]; September 12, 2023 E-mail [Doc. No. 73-2]. While parties may provide informal notice prior to serving a Rule 11 motion, "this informal notice is not a substitute for actual service of the motion." Triantos, 52 F.4th at 447. "Only service of the motion triggers the 21-day safe harbor period." Id. Even if Plaintiff's counsel had included the eventually filed motion against Defendant GEICO with his email, that would not have sufficed as the email was sent only ten (10) days prior to the filing of Plaintiff's First Sanctions Motion against GEICO on September 22, 2023.

Leavitt's Second Sanctions Motion against GEICO [Doc. No. 87] is also procedurally infirm. Plaintiff's counsel has attached to his motion a letter, dated October 6, 2023, with a heading "VIA EMAIL," addressed to GEICO's counsel, stating that Plaintiff's counsel seeks to confer as required under Local Rule 7.1. See Letter [Doc. No. 88-1]. His Affidavit, however, makes no reference to serving this letter, and instead, merely repeats that he served the September 12, 2023 email. [Second] Aff. of William Ruotolo [Doc. No. 88-3]. GEICO's counsel, in turn, avers that he and his co-counsel never received the October 6, 2023 letter. Dec. of James L. Tuxbury [Doc. No. 95]. Moreover, even if Plaintiff's counsel had emailed his letter to GEICO's counsel on October 6, 2023, service would still not be sufficient under Rule 11 because a copy of the actual motion was not included with the letter.

of USAA based on the causes of action raised in the Class Action Complaint." See id. at 3–9.
Plaintiff also contends that USAA should be sanctioned because of its "untruthful" argument that
this case is a "rehash of two prior lawsuits filed by Leavitt against USAA." Id. at 10.

Similarly, in the Third Sanctions Motion against GEICO [Doc. No. 123], Plaintiff argues
that GEICO's arguments regarding the application of the Rooker-Feldman doctrine and res
judicata are sanctionable because, among other things, the inclusion of a Declaratory Judgment
cause of action in the present action sufficiently differentiates this action from Plaintiff's prior
actions. See Memo. ISO Mot. for Sanctions against GEICO 7 [Doc. No. 124]. Second, Plaintiff
seems to argue that GEICO's refusal to acknowledge the "rights" of putative class members in
its Motion to Dismiss and Motion for Sanctions is sanctionable. See id. at 4–9. Finally, Plaintiff
argues that the references in GEICO's Motion to Dismiss and Motion for Sanctions to Leavitt's
prior actions involving the 2010 accident and seeking similar relief are sanctionable because the
present action is not related to the 2010 accident or the earlier actions. See id. at 7–9.

These arguments are all without merit. First, Plaintiff has failed to demonstrate that the
arguments were "frivolous, legally unreasonable, without factual foundation, or asserted for an
improper purpose." Salois v. Dime Sav. Bank of New York, FSB, 128 F.3d 20, 28 (1st Cir.
1997) (quotations omitted). Moreover, as this court has held in III.A. *supra*, the Defendants'
Motions to Dismiss are granted—that is, the arguments in them are meritorious. This court
agrees with the Defendants that several counts in the present action are related to the prior
actions and therefore bound by the Rooker-Feldman doctrine and res judicata. This court has also
already found that there is "no conflict of interest warranting disqualification" between USAA
and its counsel. Elec. Order [Doc. No. 101].

In sum, Leavitt's <u>Motions for Sanctions</u> [Doc. Nos. 72, 87, 118, 123] against Defendants GEICO and USAA are all DENIED.

> ### 2. *Defendants' Motions for Sanctions*

By presenting a signed pleading, motion, or other paper to the Court, the attorney certifies that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(1)–(3). The Defendants' Motions for Sanctions [Doc. Nos. 58, 89] are GRANTED because the 2023 Complaint and Plaintiff's litigation conduct fail all three prongs of Rule 11(b).

Starting with the second prong, the claims and legal contentions in the 2023 Complaint are not warranted by existing law or a nonfrivolous argument for extending the law. Sanctions are warranted if a litigant continues "insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11 Advisory Committee's note. Plaintiff and his counsel participated in both the 2013 State Court Action and the 2020 Federal Court Action. Accordingly, they are fully aware, based upon the lengthy decision by this court, that the present action is barred by the <u>Rooker</u>-<u>Feldman</u> doctrine and res judicata. In dismissing the 2020 Federal Court Action, this court advised Plaintiff and his counsel that "[t]his case was fully litigated in the Massachusetts courts." <u>Leavitt</u>, 2021 WL 3025863, at *8. "A Superior Court judge granted USAA and GEICO's motions for summary judgment, concluding that Leavitt had no right to PIP benefits under Mass. Gen. Laws ch. 90, 3." <u>Id.</u> On appeal, the Massachusetts Appeals Court "conducted a thorough analysis of the

issues raised and upheld the Superior Court judgment, concluding that Leavitt's statutory argument 'would produce absurd results' and that he was not entitled to PIP benefits." Id. at *22–23.

Other courts have found sanctions to be appropriate where a plaintiff persists in filing an action "that she knew that the district court lacked jurisdiction under the Rooker-Feldman doctrine to entertain." See Woodhull v. Mascarella, 699 F. App'x 872, 876 (11th Cir. 2017); Hutchinson v. Kelling, No. 20-CV-1264, 2021 U.S. Dist. LEXIS 110600 (E.D. Wis. June 14, 2021); Dahlgren v. Palone (In re Dahlgren), No. 09-18982 (RTL), 2010 U.S. Dist. LEXIS 133723 (D.N.J. Dec. 16, 2010); Dietrich v. Grosse Pointe Park, No. 16-11049, 2017 U.S. Dist. LEXIS 27638, at *16 (E.D. Mich. Feb. 28, 2017); J. Edward Kloian Found. v. Findling, No. 13-13684, 2013 U.S. Dist. LEXIS 180933, at *21 (E.D. Mich. Dec. 30, 2013). Because Plaintiff and his counsel persisted in filing the present action after "it [was] no longer tenable," sanctions are warranted.

Turning to the third prong, the factual contentions in the 2023 Complaint are also unsupported by evidence and Plaintiff has not identified what evidentiary support would be gained from discovery. For example, the 2023 Complaint alleges that USAA and the other Defendants "engaged in ex parte communications" with the prior state and federal courts. See 2023 Compl. ¶¶ 18[L], 18[W](v), 55, n.12, n.28. But the state court and federal courts have already rejected this assertion.

In the 2013 State Court Action, the state appellate court reviewed Plaintiff's "allegations of judicial misconduct" and "ex parte communications" but held that these assertions "are without foundation" and "thus without merit." Leavitt, 2019 WL 4019952, at *4. In the 2020 Federal Court Action, Plaintiff repeated his allegations of "ex parte communications" and moved

the court to disclose such communications. <u>See</u> <u>Leavitt</u>, No. 1:20-cv-12130-IT, Mot. for Judge

Talwani to Discl. Ex Parte Comm's [Doc. No. 93]. But this court denied that motion because

Plaintiff "offers no facts supporting any claim that this court or the state courts have engaged in

impermissible ex parte communications" and because "Plaintiff's demands appear based solely

on his dissatisfaction with court rulings." <u>See</u> <u>Leavitt</u>, No. 1:20-cv-12130-IT, Elec. Order [Doc.

No. 102]. This court reiterated that "there is no basis or cause for Plaintiff's assumption that

impermissible ex parte communications have occurred" when denying Plaintiff's motion for

judicial recusal. <u>See</u> <u>Leavitt</u>, No. 1:20-cv-12130-IT, Elec. Order [Doc. No. 106]; <u>see also</u> Pl.'s

Mot. for Recusal [Doc. No. 104].

    In the present action, Plaintiff contends that impermissible ex parte communications must

have occurred on the grounds that "it would be an inhuman feat to have read hundreds of pages

filed in this Class Action by this Judge and to issue ruling amounting to only an endorsement

without application of law to facts within less than a 24 hour period." Pl.'s Memo. ISO Mot. for

Recusal [Doc. No. 109]. Such conjecture is plainly insufficient and does not meet the <u>Twombly</u>-

<u>Iqbal</u> standard of plausibility. Plaintiff's allegations instead "appear [to be] based solely on his

dissatisfaction with court rulings." <u>Leavitt</u>, No. 1:20-cv-12130-IT, Elec. Order [Doc. No. 102].

    As another example, the 2023 Complaint repeatedly asserts that the Massachusetts state

court "refused to declare the law," 2023 Compl. ¶ 18[P]. However, in the 2013 State Court

Action, the state court explicitly did so. <u>Leavitt</u>, 2014 WL 7895125, at *3 ("The Court

**DECLARES** that USAA has no obligation to provide PIP coverage for the November 24, 2010

accident at issue in this case."). The intermediate state court also explained to Plaintiff that his

characterization of the superior court's actions was factually incorrect. <u>See</u> <u>Leavitt</u>, 2019 WL

4019952, at *2 n.8 (rejecting Plaintiff's contention that the superior court "refus[ed] to consider

his requests for declaratory relief before granting summary judgment" because "[r]equests for declaratory relief are frequently resolved at the summary judgment stage, and the judge properly declared Leavitt's rights when granting summary judgment."). And this court also warned Plaintiff's counsel that that argument "appear[ed] disingenuous" because the state "Appeals Court clearly held that Mass. Gen. Laws ch. 90, § 3 'exempts most nonresidents from having to comply with the Commonwealth's motor vehicle insurance requirements' except 'during the year in which they have driven a motor vehicle in the Commonwealth for more than thirty days in the aggregate.'" Leavitt, 2021 WL 3025863, at *8 (quoting Leavitt, 2019 WL 4019952, *2). In light of these repeated rejections of Plaintiff's argument and explanations to him of prior rejections of his argument, the unsupported repetition in the 2023 Complaint that the law has not yet been declared is not just unsupported by evidence—it is squarely contradicted by the record.

Turning back to the first prong, Plaintiff's litigation strategy has caused unnecessary delay and increased the cost of litigation. Plaintiff and his counsel have been warned at least *three* different times to stop filing frivolous and baseless motions. In the 2013 State Court Action, the Supreme Judicial Court denied Plaintiff's request that "every justice . . . 'recuse and disclose'" and cautioned Leavitt and his counsel:

> At this juncture, we take this opportunity to remind counsel, going forward, to consider his professional obligations and the consequences that can ensue, not only under rule 11 and like court rules but also under the Massachusetts Rules of Professional Conduct, if they are violated.

Leavitt, 2021 WL 3025863, at *5. In the 2020 Federal Court Action, in response to Defendants' request for attorneys' fees or sanctions, this court agreed that "Leavitt has failed to meet Rule 11's requirement" and noted that counsel was previously warned against such conduct by the Massachusetts state courts. Leavitt, No. 1:20-cv-12130, Mem. & Order on Confl. of Interest & Ex Parte Comm's 7 [Doc. No. 125]. This court declined to impose sanctions but stated that

"Defendants may follow the procedure set forth in Rule 11(c)(2) to seek sanctions if Leavitt and his counsel continue to file baseless motions." Id. On appeal, the First Circuit also "strongly caution[ed] Leavitt and his counsel against the filing of additional frivolous motions in this now-adjudicated appeal." Leavitt, 2022 WL 2355473, at *1.

For the reasons described above in granting the Defendants' Motions to Dismiss, Plaintiff's 2023 Complaint was itself baseless. In addition, Plaintiff has continued filing numerous frivolous and baseless motions in the present action. See, e.g., Mot. to Vacate USAA's counsel's pro hac vice order [Doc. Nos. 30, 33]; Mot. for Speedy Hearing and Speedy Trial [Doc. Nos. 41, 42]; Mot. Seeking Disc. of Putative Class Members' Contact Info. [Doc. Nos. 66–67]. Plaintiff also continued filing motions on behalf of a class before a class had been certified or interim class counsel had been appointed, and *after* this court had warned Plaintiff's counsel that further filings on behalf of a class or unidentified John Doe plaintiffs would be stricken from the docket. See Mem. & Order on Mots. for Conflict of Interest, Recusal, and Ex Parte Comm's 5 [Doc. No. 126] ("Any further filings, other than a Notice of Appeal of this Memorandum and Order, submitted on behalf of class members or unidentified Doe Plaintiffs before a class is certified or counsel has been appointed class counsel or interim class counsel will be stricken from the docket."); see also Elec. Order [Doc. No. 130] (striking Joint Statement [Doc. No. 128] submitted on behalf of a class and unidentified Doe plaintiffs).

Therefore, the Defendants USAA and GEICO's Motions for Sanctions [Doc. Nos. 58, 89] for reasonable attorneys' fees and costs incurred in defending this case are GRANTED.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss [Doc. Nos. 31, 53, 56] are GRANTED; Plaintiff's Motions for Sanctions against Defendants GEICO and USAA [Doc. Nos.

72, 87, 118, 123] are DENIED; and Defendants GEICO and USAA's <u>Motions for Sanctions</u>

[Doc. Nos. 58, 89] are GRANTED. USAA and GEICO shall submit affidavits and other

supporting material to support the amount of attorneys' fees and costs sought within fourteen

(14) days of the entry of this order.

IT IS SO ORDERED.

January 19, 2024                    <u>/s/ Indira Talwani</u>
                                   United States District Judge