# United States Court of Appeals
## For the First Circuit

---

No. 24-1115

ALLAN M. LEAVITT, Individually, and as Class Representative,

Plaintiff - Appellant,

J. DOE 1-100,

Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas Department of Insurance Regulated Reciprocal Inter-insurance Exchange and Subsidiary; GEICO INDEMNITY COMPANY; THE COMMERCE INSURANCE COMPANY, INC.,

Defendants - Appellees,

J. ROE 1-100,

Defendant.

---

Before

Kayatta, Gelpí and Aframe,
Circuit Judges.

---

**JUDGMENT**

Entered: September 11, 2024

    We have reviewed Appellant Allan M. Leavitt's response to this court's March 25, 2024, Order to Show Cause why this appeal should not be dismissed for lack of jurisdiction because certain matters remain pending below and because the district court has not yet entered an appealable final judgment. See generally 28 U.S.C. §§ 1291, 1292 (limiting this court's appellate jurisdiction over district court rulings to review of final judgments and certain interlocutory orders); see also Riley v. Kennedy, 553 U.S. 406, 419 (2008) ("A final judgment is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (quoting Catlin v. United State, 324 U.S. 229, 233 (1945)).

With his response to the order to show cause, appellant offers no argument legitimately suggesting that the ruling designated in the operative notice of appeal is immediately reviewable. See Woo v. Spackman, 988 F.3d 47, 53 (1st Cir. 2021) (reminding "that the burden of establishing jurisdiction must fall to the party who asserts it"); see also In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 52 F.4th 465, 477 (1st Cir. 2022) ("And when appellate jurisdiction has been called into question . . . this court will generally consider only the rationales offered by the party invoking the court's jurisdiction.").

Appellant invokes the collateral order doctrine in the response, but, among other things, he has failed to demonstrate that the district court ruling designated in his notice of appeal will be effectively unreviewable if an immediate appeal is not allowed. See Flanagan v. United States, 465 U.S. 259, 265 (1984) (explaining that, to satisfy collateral order exception, an interlocutory order must (i) have conclusively determined the disputed issue, (ii) have answered an important question distinct from the merits, and (iii) be one which is effectively unreviewable on appeal from a final judgment); see also John's Insulation, Inc. v. L. Addison & Associates, Inc., 156 F.3d 101, 105 (1st Cir. 1998) ("[I]t has been uniformly held that a notice of appeal that designates the final judgment encompasses not only that judgment, but also all earlier interlocutory orders that merge in the judgment.").

Accordingly, this appeal is dismissed, without prejudice to the filing of a new, rule-compliant notice of appeal once the district court has entered an appealable final judgment. See 1st Cir. R. 27.0(c) (court may dismiss at any time when appellate jurisdiction is lacking); See also Fed. R. App. P. 3 & 4(a) (setting out content requirements and deadlines for notices of appeal). Any remaining pending motions, to the extent not mooted by the foregoing, are denied.

By the Court:

Maria R. Hamilton, Clerk

cc:
William J. Ruotolo
Daniel Patrick Tighe
Nathaniel R. B. Koslof
Kevin P. Zimmerman
Rodger L. Eckelberry
James L. Tuxbury
Barry I. Levy
Brian L. Bank
John R. Callahan