UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLAN M. LEAVITT, <br><br> Plaintiff, <br><br> v. <br><br> UNITED SERVICES AUTOMOBILE ASSOCIATION, GEICO INDEMNITY COMPANY, and THE COMMERCE INSURANCE COMPANY, INC., <br><br> Defendants. | Civil Action No. 4:23-cv-11341-IT |

MEMORANDUM & ORDER

December 11, 2024

TALWANI, D.J.

Pending before the court are Defendants United Services Automobile Association's ("USAA") and GEICO Indemnity Company's ("GEICO") Applications for Attorney's Fees [Doc. Nos. 139, 144] and Plaintiff Allan M. Leavitt's Motion to Identify the Party Sanctioned and the Reasons Therefor [Doc. No. 155] ("Motion to Identify") and Motion to Produce Documents, Affidavits, Be Subject to Deposition, and Respond to Requests for Admissions with Respect to the Purported Fees and Expenses [Doc. No. 157] ("Motion to Compel").[1] For the following reasons, Plaintiff's Motion to Identify [Doc. No. 155] is GRANTED in part and

---

[1] Also pending are four additional motions filed by Plaintiff. Motions for Judge Indira Talwani to Rule On Outstanding Motions and Finish Out the Crimes Against Allan M. Leavitt and the Class that She and Her Coadjutants, GEICO, USAA, The Commerce Insurance Company, and Their Attorneys, Have Engaged Suppressing Massachusetts Law Which Requires Non-Massachusetts Resident Motor Vehicle Owners to Maintain Personal Injury Protection Provisions on Their Policy of Liability Insurance When Their Vehicles Are Operated in the Commonwealth of Massachusetts [Doc. Nos. 169, 171, 173, 175]. The court will address these motions in a separate order.

DENIED in part, Plaintiff's Motion to Compel [Doc. No. 157] is DENIED, and USAA's and GEICO's applications for attorney's fees are GRANTED in part in the amount of $25,000 for each Defendant (for a total of $50,000) to be paid by Attorney William J. Ruotolo and $405 to be paid to the court by Plaintiff Allan M. Leavitt.

I.   **Background**

The court has previously set forth the background for this litigation and incorporates that discussion by reference here. See Mem. & Order [Doc. No. 135]. In brief, this is the third lawsuit Plaintiff has filed seeking a declaratory judgment that Massachusetts law requires non-resident car owners to maintain Massachusetts personal injury protection ("PIP") coverage while operating their vehicles in Massachusetts. Id.

Plaintiff filed this latest action against USAA, GEICO, and The Commerce Insurance Company, Inc., on June 15, 2023, Compl. [Doc. No. 1], and all Defendants moved to dismiss. Mots. to Dismiss [Doc. Nos. 31, 53, 56]. The court granted Defendants' Motions to Dismiss [Doc. Nos. 31, 53, 56] on the grounds that res judicata and the Rooker-Feldman doctrine barred Counts I, II, IV, VI, and VIII in Plaintiff's complaint, Mem. & Order 7–11 [Doc. No. 135], Plaintiff lacked standing to bring Counts I and II because he failed to allege a concrete injury, id. at 13, and Plaintiff failed to state a claim for fraud, civil conspiracy, or RICO violations (Counts III, V, and VII). Id. at 17. The court also denied Plaintiff's Motions for Sanctions [Doc. Nos. 72, 87] for failure to comply with Fed. R. Civ. P. 11(c)(2)[2] and Motions for Sanctions [Doc. Nos. 118, 123] because they lacked merit. Id. at 20.

---

[2] Under Rule 11(c)(2), a sanctions motion must be served on all parties before filing and "must not be filed or be presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." The failure to serve

GEICO also moved for Rule 11 sanctions on September 11, 2023, and USAA did the same on October 30, 2023.[3] Mots. for Sanctions [Doc. Nos. 58, 89]. The court granted both motions. Mem. & Order 27 [Doc. No. 135]. Because the pending Applications relate directly to these motions, and in light of Plaintiff's request that the reasons for sanctions be identified, see Mot. to Identify [Doc. No. 155], the court reiterates its findings:

> By presenting a signed pleading, motion, or other paper to the Court, the attorney certifies that:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> Fed. R. Civ. P. 11(b)(1)–(3). The Defendants' Motions for Sanctions [Doc. Nos. 58, 89] are GRANTED because the 2023 Complaint and Plaintiff's litigation conduct fail all three prongs of Rule 11(b).
>
> Starting with the second prong, the claims and legal contentions in the 2023 Complaint are not warranted by existing law or a nonfrivolous argument for extending the law. Sanctions are warranted if a litigant continues "insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11 Advisory Committee's note. Plaintiff and his counsel participated in both the 2013 State Court Action and the 2020 Federal Court Action. Accordingly, they are fully aware, based upon the lengthy decision by this court, that the present action is barred by the Rooker-Feldman doctrine and res judicata. In dismissing the 2020 Federal Court Action, this court advised Plaintiff and his counsel that "[t]his case was fully litigated in the Massachusetts courts." Leavitt, 2021 WL 3025863, at *8. "A Superior Court judge granted USAA and GEICO's motions for summary judgment, concluding that Leavitt had no right to PIP benefits under Mass. Gen. Laws ch. 90, 3." Id. On appeal, the Massachusetts Appeals Court "conducted a thorough analysis of the

---

a Rule 11 motion on all parties at least 21 days prior to filing "disqualif[ies] Rule 11 as a basis for sanctions." Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 244 (1st Cir. 2010).

[3] Before filing the Motions with the court, GEICO served its motion with a Rule 11(c)(2) safe harbor letter on Leavitt's counsel on August 18, 2023, and USAA did the same on October 5, 2023. GEICO Aff. ISO Mot. for Sanctions [Doc. No. 60]; USAA Decl. ISO Mot. for Sanctions [Doc. No. 89-2].

issues raised and upheld the Superior Court judgment, concluding that Leavitt's statutory argument 'would produce absurd results' and that he was not entitled to PIP benefits." Id. at *22–23.

Other courts have found sanctions to be appropriate where a plaintiff persists in filing an action "that she knew that the district court lacked jurisdiction under the Rooker-Feldman doctrine to entertain." See Woodhull v. Mascarella, 699 F. App'x 872, 876 (11th Cir. 2017); Hutchinson v. Kelling, No. 20-CV-1264, 2021 U.S. Dist. LEXIS 110600 (E.D. Wis. June 14, 2021); Dahlgren v. Palone (In re Dahlgren), No. 09-18982 (RTL), 2010 U.S. Dist. LEXIS 133723 (D.N.J. Dec. 16, 2010); Dietrich v. Grosse Pointe Park, No. 16-11049, 2017 U.S. Dist. LEXIS 27638, at *16 (E.D. Mich. Feb. 28, 2017); J. Edward Kloian Found. v. Findling, No. 13-13684, 2013 U.S. Dist. LEXIS 180933, at *21 (E.D. Mich. Dec. 30, 2013). Because Plaintiff and his counsel persisted in filing the present action after "it [was] no longer tenable," sanctions are warranted.

Turning to the third prong, the factual contentions in the 2023 Complaint are also unsupported by evidence and Plaintiff has not identified what evidentiary support would be gained from discovery. For example, the 2023 Complaint alleges that USAA and the other Defendants "engaged in ex parte communications" with the prior state and federal courts. See 2023 Compl. ¶¶ 18[L], 18[W](v), 55, n.12, n.28. But the state court and federal courts have already rejected this assertion.

In the 2013 State Court Action, the state appellate court reviewed Plaintiff's "allegations of judicial misconduct" and "ex parte communications" but held that these assertions "are without foundation" and "thus without merit." Leavitt, 2019 WL 4019952, at *4. In the 2020 Federal Court Action, Plaintiff repeated his allegations of "ex parte communications" and moved the court to disclose such communications. See Leavitt, No. 1:20-cv-12130-IT, Mot. for Judge Talwani to Discl. Ex Parte Comm's [Doc. No. 93]. But this court denied that motion because Plaintiff "offers no facts supporting any claim that this court or the state courts have engaged in impermissible ex parte communications" and because "Plaintiff's demands appear based solely on his dissatisfaction with court rulings." See Leavitt, No. 1:20-cv-12130-IT, Elec. Order [Doc. No. 102]. This court reiterated that "there is no basis or cause for Plaintiff's assumption that impermissible ex parte communications have occurred" when denying Plaintiff's motion for judicial recusal. See Leavitt, No. 1:20-cv-12130-IT, Elec. Order [Doc. No. 106]; see also Pl.'s Mot. for Recusal [Doc. No. 104].

In the present action, Plaintiff contends that impermissible ex parte communications must have occurred on the grounds that "it would be an inhuman feat to have read hundreds of pages filed in this Class Action by this Judge and to issue ruling amounting to only an endorsement without application of law to facts within less than a 24 hour period." Pl.'s Memo. ISO Mot. for Recusal [Doc. No. 109]. Such conjecture is plainly insufficient and does not meet the Twombly-Iqbal standard of plausibility. Plaintiff's allegations instead "appear [to be] based solely on his dissatisfaction with court rulings." Leavitt, No. 1:20-cv-12130-IT, Elec. Order [Doc. No. 102].

4

As another example, the 2023 Complaint repeatedly asserts that the Massachusetts state court "refused to declare the law," 2023 Compl. ¶ 18[P]. However, in the 2013 State Court Action, the state court explicitly did so. Leavitt, 2014 WL 7895125, at *3 ("The Court **DECLARES** that USAA has no obligation to provide PIP coverage for the November 24, 2010 accident at issue in this case."). The intermediate state court also explained to Plaintiff that his characterization of the superior court's actions was factually incorrect. See Leavitt, 2019 WL 4019952, at *2 n.8 (rejecting Plaintiff's contention that the superior court "refus[ed] to consider his requests for declaratory relief before granting summary judgment" because "[r]equests for declaratory relief are frequently resolved at the summary judgment stage, and the judge properly declared Leavitt's rights when granting summary judgment."). And this court also warned Plaintiff's counsel that that argument "appear[ed] disingenuous" because the state "Appeals Court clearly held that Mass. Gen. Laws ch. 90, § 3 'exempts most nonresidents from having to comply with the Commonwealth's motor vehicle insurance requirements' except 'during the year in which they have driven a motor vehicle in the Commonwealth for more than thirty days in the aggregate.'" Leavitt, 2021 WL 3025863, at *8 (quoting Leavitt, 2019 WL 4019952, *2). In light of these repeated rejections of Plaintiff's argument and explanations to him of prior rejections of his argument, the unsupported repetition in the 2023 Complaint that the law has not yet been declared is not just unsupported by evidence—it is squarely contradicted by the record.

Turning back to the first prong, Plaintiff's litigation strategy has caused unnecessary delay and increased the cost of litigation. Plaintiff and his counsel have been warned at least *three* different times to stop filing frivolous and baseless motions. In the 2013 State Court Action, the Supreme Judicial Court denied Plaintiff's request that "every justice . . . 'recuse and disclose'" and cautioned Leavitt and his counsel:

> At this juncture, we take this opportunity to remind counsel, going forward, to consider his professional obligations and the consequences that can ensue, not only under rule 11 and like court rules but also under the Massachusetts Rules of Professional Conduct, if they are violated.

Leavitt, 2021 WL 3025863, at *5. In the 2020 Federal Court Action, in response to Defendants' request for attorneys' fees or sanctions, this court agreed that "Leavitt has failed to meet Rule 11's requirement" and noted that counsel was previously warned against such conduct by the Massachusetts state courts. Leavitt, No. 1:20-cv-12130, Mem. & Order on Confl. of Interest & Ex Parte Comm's 7 [Doc. No. 125]. This court declined to impose sanctions but stated that "Defendants may follow the procedure set forth in Rule 11(c)(2) to seek sanctions if Leavitt and his counsel continue to file baseless motions." Id. On appeal, the First Circuit also "strongly caution[ed] Leavitt and his counsel against the filing of additional frivolous motions in this now-adjudicated appeal." Leavitt, 2022 WL 2355473, at *1.

For the reasons described above in granting the Defendants' Motions to Dismiss, Plaintiff's 2023 Complaint was itself baseless. In addition, Plaintiff has

5

> continued filing numerous frivolous and baseless motions in the present action. See, e.g., Mot. to Vacate USAA's counsel's pro hac vice order [Doc. Nos. 30, 33]; Mot. for Speedy Hearing and Speedy Trial [Doc. Nos. 41, 42]; Mot. Seeking Disc. of Putative Class Members' Contact Info. [Doc. Nos. 66–67]. Plaintiff also continued filing motions on behalf of a class before a class had been certified or interim class counsel had been appointed, and *after* this court had warned Plaintiff's counsel that further filings on behalf of a class or unidentified John Doe plaintiffs would be stricken from the docket. See Mem. & Order on Mots. for Conflict of Interest, Recusal, and Ex Parte Comm's 5 [Doc. No. 126] ("Any further filings, other than a Notice of Appeal of this Memorandum and Order, submitted on behalf of class members or unidentified Doe Plaintiffs before a class is certified or counsel has been appointed class counsel or interim class counsel will be stricken from the docket."); see also Elec. Order [Doc. No. 130] (striking Joint Statement [Doc. No. 128] submitted on behalf of a class and unidentified Doe plaintiffs).
>
> Therefore, the Defendants USAA and GEICO's Motions for Sanctions [Doc. Nos. 58, 89] for reasonable attorneys' fees and costs incurred in defending this case are GRANTED.

Mem. & Order 22–26 [Doc. No. 135]. The court directed USAA and GEICO to submit affidavits and additional materials to support the amount of attorneys' fees and costs sought. Id. at 26–27.

Defendants thereafter filed the Applications for Attorney's Fees now pending before the court. Appls. for Att'y Fees [Doc. Nos. 139, 144]. USAA seeks an award of $70,203.32, USAA Appl. for Atty's Fees [Doc. No 139], and GEICO seeks $88,065.04. GEICO Appl. for Atty's Fees [Doc. No. 144].

The court directed Plaintiff that "since Rule 11 allows the court to award sanctions against a party, his attorney, or both, separate responses to the Applications for Attorney's Fees [Doc. Nos. 139, 144] may be filed on behalf of Mr. Leavitt and on behalf of Attorney William J. Ruotolo." Elec. Order [Doc. No. 148]. Following dismissal of Plaintiff's interlocutory appeal, Plaintiff filed a single Opposition [Doc. No. 159] to the two Fee Applications. Plaintiff also filed the pending Motion to Identify [Doc. No. 155] and Motion to Compel [Doc. No. 157], which Defendants oppose, see Opp'ns [Doc. Nos. 163, 164, 165, 166].

6

## II.     Discussion

### A.     *Defendants' Requests for Sanctions in the Amount of Reasonable Attorney's Fees*

#### 1.     The Lodestar Method

"[T]he method of choice" for calculating a reasonable fee award is the lodestar method. Perez-Sosa v. Garland, 22 F.4th 312, 321 (1st Cir. 2022) (quoting Matalon v. Hynnes, 806 F.3d 627, 638 (1st Cir. 2015)). "The lodestar amount equals 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Perez-Sosa, 22 F.4th at 321 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

Calculating the lodestar amount requires two steps: "First, the court must 'calculate the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are excessive, redundant, or otherwise unnecessary' . . . . Second, the court must identify 'a reasonable hourly rate or rates—a determination that is often benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and competence.'" Perez-Sosa, 22 F.4th at 321 (quoting Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emps. v. Ray Haluch Gravel Co., 745 F.3d 1, 5 (1st Cir. 2014)). However, the court's task in fashioning a reasonable fee "is to do rough justice, not to achieve auditing perfection." Perez-Sosa, 22 F.4th at 322 (quoting Fox v. Vice, 563 U.S. 826, 838 (2011)).

#### 2.     The Requested Attorney's Fees are Reasonable.

GEICO's and USAA's applications include attorney's fees for work performed between June 2023, when Leavitt filed his complaint, and January 2024, when the court granted the insurance companies' Motions to Dismiss. See Affs. ISO Appls. for Atty's Fees [Doc. Nos. 141–143, 144-1]. GEICO requests $86,973.50 in total fees, and USAA requests $67,941.50 in fees.

Plaintiff has opposed the requests, Opp'n [Doc. No. 159], and seeks documents and depositions relevant to the requested award. Mot. to Compel [Doc. No. 157].

The court begins by analyzing the documents supporting GEICO's and USAA's requests. See <u>Tennessee Gas Pipeline Co. v. 104 Acres of Land, More or Less, In Providence Cnty., State of R.I.</u>, 32 F.3d 632, 634 (1st Cir. 1994) ("Where a district court applies the lodestar method, the fee-seeker must usually provide a particularized account of his claim."). To receive a fee award, litigants must submit "a full and specific accounting of the tasks performed, the dates of performance, and the number of hours spent on each task." <u>Id.</u> (quoting <u>Weinberger v. Great N. Nekoosa Corp.</u>, 925 F.2d 518, 527 (1st Cir. 1991)); <u>see also</u> <u>Grendel's Den, Inc. v. Larkin</u>, 749 F.2d 945, 952 (1st Cir. 1984) ("[T]he absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance."). Here, USAA seeks an award of $67,941.50 in fees for 149.7 hours of work performed by several attorneys and staff. USAA Appl. for Atty's Fees 2 [Doc. No 139]. GEICO requests $86,973.50 in total attorney's fees it paid to two separate law firms. GEICO Appl. for Atty's Fees 2 [Doc. No. 144]. Both Defendants support their requests with affidavits, contemporaneous billing entries, and some invoices that indicate the nature of each task and the length of time it required.[4]

First, the work hours submitted by each defendant are reasonable. In his opposition, Plaintiff appears to argue that the number of hours, which resulted in requests for over $158,000, is excessive in light of the court's determination that this lawsuit was duplicative of his previous

---

[4] Both Defendants also documented expenses sought. In light of the court's determination that sanctions must be limited to an amount necessary to deter the sanctioned conduct, the court does not need to review the expenses sought.

federal court case. See Opp'n 7 [Doc. No. 159]. He reasons that Defendants' Motions to Dismiss could have been "replicas of those file[d] in the 2020 lawsuit." Id. However, it was *because Plaintiff filed a duplicative lawsuit* that this court granted Defendants' Motions for Sanctions. See Mem. & Order 22–23 [Doc. No. 135]. And Plaintiff's litigation strategy increased the time required for GEICO and USAA to defend the lawsuit. Each company's records indicate work hours spent preparing responses to Plaintiff's additional motions. See, e.g., Decl. ISO GEICO Appl. for Atty's Fees 4–5 [Doc. No. 144-1] (requesting fees for "Opposing/Addressing Miscellaneous Motions Filed By Plaintiff" and "Repetitive Motions for Sanctions Filed by Plaintiff Against GEICO"); Eckelberry Decl. ISO USAA Appl. For Atty's Fees ("Eckelberry Decl.") Ex. A [Doc. No. 141].

The court recognizes that a fee award under Rule 11 "should not provide compensation for services that could have been avoided by an earlier disclosure of evidence or an earlier challenge to the groundless claims or defenses." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. Here, however, Plaintiff has been on notice that his claims were groundless since the court dismissed his previous federal court action. Further, although each Defendant has included billing entries for time spent on the case between the filing of this lawsuit and Defendants' notice to Plaintiff that they intended to seek sanctions, see GEICO Appl. for Atty's Fees Ex. 1 [Doc. No. 144-2]; Eckelberry Decl. Ex. A–C [Doc. No. 141], there is no suggestion that GEICO and USAA seek fees for work that could have been avoided by quicker disclosure. Finally, the court has determined that Plaintiff's sanctionable conduct included filing his Complaint. Mem. & Order 26 [Doc. No. 135]. Because the court has determined that initiating this lawsuit violated Rule 11(b), the fees Defendants' counsel incurred to defend it were for

"services directly and unavoidably caused" by Plaintiff's violations of Rule 11(b). See Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.

Second, Defendants' requests are based on reasonable hourly rates. Defendants request fees based on actual rates charged and have provided evidence demonstrating that those rates are tied to each attorney's and staff member's rank, experience, and practice location. Although Plaintiff objects to the total award, he does not argue that any hourly rate is unreasonable. Further, GEICO's evidence suggests that its requested fees are based on rates near or below the median for each attorney's position in Boston. See Decl. ISO GEICO Appl. for Atty's Fees 8 [Doc. No. 144-1]. And USAA has indicated that its attorneys charged rates below or in line with rates of similar practitioners in the relevant markets and that the rates are lower than those approved by courts for comparable attorneys. Mem. ISO USAA Appl. for Atty's Fees 5–9 [Doc. No. 140]. The court concludes those hourly rates are reasonable.

Because each Defendant seeks fees for a reasonable number of work hours performed at reasonable rates, the court concludes $86,973.50 is a reasonable fee for work performed by GEICO's counsel and $67,941.50 is a reasonable fee for worked performed by USAA's counsel directly resulting from Plaintiff's violations of Rule 11(b).

        3.        Full Reasonable Attorney's Fees Exceed the Amount Necessary to Deter Plaintiff's Conduct.

A court may order a party or attorney sanctioned under Rule 11 to pay the movant some or all of the reasonable attorney's fees and expenses directly resulting from that party's violations of Rule 11(b), including those incurred for preparing the motion for sanctions. Although the fees requested here are reasonable, sanctions under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly

situated." Fed. R. Civ. P. 11(c)(4). "Moreover, partial reimbursement of fees may constitute a sufficient deterrent with respect to violations by persons having modest financial resources." See Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.

The court finds the fees reasonably incurred by the Defendants to be an amount greater than necessary to deter Plaintiff and his counsel's conduct. Despite a long history of frivolous litigation in this and the related cases, Leavitt and Attorney Ruotolo appear to have not previously been sanctioned. And they can now anticipate harsher sanctions if they do not stop their egregious conduct. For these reasons, the court finds that a total award of $50,000 ($25,000 for each Defendant), to be paid by Attorney Ruotolo, should serve to deter his conduct even though it is only about one-third of the reasonable fees sought.

Although Attorney Ruotolo failed to argue that Leavitt has only modest financial resources, the court previously made that finding by permitting Leavitt to proceed *in forma pauperis*. In light of Leavitt's limited financial resources, the court finds imposing a sanction in the amount of the waived filing fee of $405 appropriate to deter Leavitt's improper conduct—the filing of a frivolous lawsuit. Leavitt shall also include a copy of this order with any further application to proceed *in forma pauperis* in the District of Massachusetts.

B.      *Plaintiff's Request that the Sanctioned Party Be Identified by the Court*

Plaintiff's Motion to Identify [Doc. No. 155] asks the court to identify whether Leavitt or his counsel is being sanctioned. Above, the court has imposed separate sanctions on Leavitt and Attorney Ruotolo based on each individual's sanctionable conduct.

A court generally may impose sanctions on both an attorney and the represented party for violating the duties imposed by Rule 11. See Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment ("If the duty imposed by the rule is violated, the court should have the

11

discretion to impose sanctions on either the attorney, the party the signing attorney represents, or both . . . ."). But Rule 11 sanctions "should be imposed on the persons—whether attorneys, law firms, or parties—who have violated the rule or who may be determined to be responsible for the violation." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. "[I]n most situations," the person to be sanctioned is the attorney, who is typically "[t]he person signing, filing, submitting, or advocating a document." See id. However, in some circumstances it may be appropriate to impose sanctions on the client "[e]ven though it is the attorney whose signature violates the rule." Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment. Imposing sanctions against a client may be appropriate when "the client has been directly responsible for the unnecessary burden imposed on the court and the opposing party," including by submitting "factually groundless pleadings where a party has clearly lied or misrepresented facts." McCarty v. Verizon New England, Inc., 731 F. Supp. 2d 123, 134–35 (D. Mass. 2010).

Here, the court imposes sanctions primarily against Attorney Ruotolo. Attorney Ruotolo is primarily liable for sanctions as the individual who persisted in advocating Plaintiff's unfounded legal theories. As explained in the January 2024 order, Plaintiff's attorney knew—based on a previous decision by this court—that the current action was precluded under the Rooker-Feldman doctrine and res judicata. Mem. & Order 22 [Doc. No. 135]. In other words, Plaintiff's attorney knew his arguments in this case were meritless. And under Rule 11, the attorney bears responsibility for pressing legal contentions that are not "warranted by existing law." Fed R. Civ. P. 11(b)(2); see Fed. R. Civ. P. 11(c)(5)(A) (forbidding sanctions "against a represented party for violating Rule 11(b)(2)").

Plaintiff's attorney is also liable for sanctions for asserting unsupported facts and pursuing a litigation strategy that caused unnecessary delay and expense. In the January 2024

order, the court found Plaintiff's litigation conduct violated Rule 11(b)(1) and (3). Mem. & Order 24 [Doc. No. 135]. Regarding Rule 11(b)(3), the court explained that the complaint included factual allegations that were "unsupported by evidence" or demonstrably false. Id. at 23. For example, the contention that the court engaged in ex parte communications was "conjecture" and appeared to be "based solely on [Plaintiff's] dissatisfaction with court rulings." Id. at 24. And the allegation that the Massachusetts state court refused to declare the law was "squarely contradicted by the record." Id. at 25.

Sanctions, however, are not limited to Attorney Ruotolo. In Plaintiff's previous federal court case, the First Circuit cautioned both "Leavitt and his counsel against the filing of additional frivolous motions in this now-adjudicated appeal." Leavitt v. United Servs. Auto. Ass'n, 2022 WL 2355473, at *1 (1st Cir. Apr. 7, 2022). Pursuant to Rule 11(b)(1), by signing his complaint, Leavitt certified that the Complaint "was not being presented for any improper purpose." But the complaint was filed for no proper purpose. Therefore, the court imposes sanctions against Leavitt as the signatory of this affirmation. See Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment ("The person signing, filing, submitting, or advocating a document has a nondelegable responsibility to the court, and in most situations is the person to be sanctioned for a violation.").

    C.    *Plaintiff's Motion to Compel*

The court rejects Plaintiff's argument that the additional documents and depositions he seeks "will aid the Court in its determination as to sanctions." Mem. ISO Mot. to Compel 10 [Doc. No. 158]. As detailed above, GEICO and USAA have provided sufficient documentation to allow the court to determine a reasonable fee award. The court is nonetheless awarding less

than one-third of the requested amount and sees no reason to extend this lawsuit by ordering further discovery, which would create additional expense and needless litigation.

### III.    Conclusion

For the foregoing reasons, USAA's Application for Attorney's Fees and GEICO's Application for Attorney's Fees are GRANTED in part, Plaintiff's Motion to Identify is GRANTED in part and DENIED in part, and Plaintiff's Motion to Compel is DENIED.

USAA and GEICO are each awarded $25,000 in sanctions to be paid by Attorney William J. Ruotolo. Allan M. Leavitt shall pay a sanction of $405 to the court and shall include a copy of this order with any further application to proceed *in forma pauperis* filed in the District of Massachusetts.

IT IS SO ORDERED.

December 11, 2024                    /s/ Indira Talwani
                                     United States District Judge